IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRACE ALLEN
on behalf of LLAA,

     Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.
_____/

No. 2-09-cv-1642 DAD

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

**PROCEDURAL BACKGROUND**

On December 8, 2006, plaintiff Grace Allen applied for Supplemental Security Income (SSI) child's disability benefits under Title XVI of the Social Security Act (the Act) for her then sixteen-month-old daughter, whose initials are LLAA. (Transcript (Tr.) at 70-72.) Plaintiff alleged that LLAA, who was born on July 19, 2005, had been disabled by asthma since

1

August 16, 2005.  (Tr. at 31, 32, 33, 38, 70, 87.)  The application for disability benefits was denied initially on March 20, 2007, and upon reconsideration on June 27, 2007.  (Tr. at 33, 38.) On November 5, 2008, an administrative law judge ("ALJ") held a hearing at which plaintiff Grace Allen, represented by counsel, testified.  (Tr. at 21-30.)  In a decision dated February 24, 2009, the ALJ determined that LLAA was not disabled.  (Tr. at 7-19.)  The ALJ entered the following findings:

> 1. The claimant was born on July 19, 2005.  Therefore, she was an older infant on December 8, 2006, the date the application was filed, and is currently an older infant (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 416.924(b) and 416.972).
>
> 3. The claimant has the following severe impairments: asthma, developmental delay, and poor hearing (20 CFR 416.924(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since December 8, 2006, the date the application was filed (20 CFR 416.924(a)).

(Tr. at 13-18.)  On May 21, 2009, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Tr. at 2-4.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 12, 2009.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The

1  findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.
2  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant
3  evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v.
4  Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler,
5  760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

6        A reviewing court must consider the record as a whole, weighing both the
7  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d
8  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
9  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
10 substantial evidence supports the administrative findings, or if there is conflicting evidence
11 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,
12 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
13 improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d
14 1335, 1338 (9th Cir. 1988).

15       In determining whether or not a child is disabled for purposes of the SSI program,
16 the ALJ should apply the three-step sequential evaluation process established under Title 20 of
17 the Code of Federal Regulations, § 416.924.  This evaluation process was developed after the
18 statutory definition of childhood disability and the standard for determining whether a child is
19 eligible for disability benefits were altered in 1996 by the Personal Responsibility and Work
20 Opportunity Reconciliation Act, Pub. L. No. 104-193, § 211, 110 Stat. 2105 (1996).  See Howard
21 ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1013 (9th Cir. 2003) (citing legislative history
22 indicating that the change in the law was designed so that only needy children with severe
23 disabilities will be eligible for SSI); Jamerson v. Chater, 112 F.3d 1064, 1065, 1067-68 (9th Cir.
24 1997) (recognizing the more stringent standard for finding a child disabled imposed by the 1996
25 legislation).
26 /////

A child, defined as "[a]n individual under the age of 18," is disabled for purposes of the SSI program if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The three-step evaluation process requires the ALJ to determine (1) whether the claimant is currently engaged in substantial gainful activity, (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe, and (3) whether the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment, or functionally equals the listings. 20 C.F.R. § 416.924(b)-(d). See Nesmith ex rel. A.S. v. Astrue, No. CV-07-217-CI, 2008 WL 958206, at *2 (E.D. Wash. Apr. 8, 2008); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1150-51 (C.D. Cal. 2008); Smith v. Massanari, 139 F. Supp. 2d 1128, 1132 (C.D. Cal. 2001).

If the claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of a listing, the ALJ must assess the claimant's functioning in six domains in order to determine whether the claimant has an impairment or combination of impairments that functionally equals the listings. An impairment is functionally equivalent to a listed impairment when it results in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain of functioning. 20 C.F.R. § 416.926a(a). The domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995).

/////

/////

**APPLICATION**

In her motion for summary judgment, plaintiff asserts that she "established that her daughter had an extreme limitation in speech sufficient to meet or equal Listing 2.09, a marked to extreme limitation in her ability to care for herself, a marked to extreme limitation in acquiring and using information, a marked limitation in interacting and relating to others, and a marked limitation in health and physical well being. (Pl.'s Mot. for Summ. J. at 1.) Plaintiff claims that the ALJ's findings are not supported by substantial evidence and that the ALJ erred when he failed to find that LLAA's speech impairment was of listing level. (Id. at 2.) Plaintiff seeks reversal of the Commissioner's final decision and remand for immediate payment of benefits or, in the alternative, remand for further examination and analysis, with a 30-day time limit. (Id. at 7.)

Plaintiff's arguments challenge the ALJ's findings at the third step of the three-step evaluation process, i.e., the determination of whether the claimant has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment. Plaintiff's arguments are addressed below.

**I.    Whether the ALJ Erred by Failing to Find that LLAA Had an Extreme Limitation in Speech that Met, Medically Equaled, or Functionally Equaled Listing 2.09**

Plaintiff contends that her daughter's speech limitation was sufficient to meet or equal Listing 2.09 "of the Childhood List of Impairments." Listing 2.09 is an adult listing, and the Commissioner's regulations generally require that the childhood listings must be used first in evaluating disability for a person under age 18. 20 C.F.R. § 416.925(b)(2)(i). However, if the criteria in the child listings do not apply, the criteria in the adult listings may be used. Id. In this regard, plaintiff cites Social Security Ruling (SSR) 98-1p, which specifically permits the application of adult Listing 2.09 to children under the circumstances described in the Ruling.

Listing 2.09 describes the following impairment: "*Loss of speech* due to any cause, with inability to produce by any means speech that can be heard, understood, or

5

sustained." See 20 C.F.R. § 404, Subpt. P, App. 1, § 2.09. Loss of speech occurs when the individual "is unable, by any means, to produce speech which can be heard, understood, and sustained." SSR 82-57, 1982 WL 31382, at *1 (S.S.A.). Three attributes of speech must be present for effective speech function: audibility, intelligibility, and functional efficiency. Id.

Plaintiff's citations to the record fail to demonstrate that LLAA was impaired by loss of speech as described in Listing 2.09 and SSR 82-57. The assessment report by the Stockton Unified School District's Early Start Program reflects that LLAA failed the hearing test that was administered to her on May 7, 2008, when a team assessed her at her home and that her communication skills were at 19 months, but she was able to point to body parts when asked, was able to point to three pictures when asked, spoke in two-word sentences, looked in the appropriate place when asked, imitated simple sounds on request, and pointed and vocalized to indicate her wants. (Tr. at 130-32.) Based on language testing results, the school district's final Individualized Education Program (IEP) for LLAA, dated June 24, 2008, notes significant delays in receptive and expressive language skills, observes that the child's language abilities are impacted by reduced attention, and indicates that hearing loss should also be ruled out. (Tr. at 220.) LLAA passed both a vision and hearing screening in June 2008. (Tr. at 221.) Moreover, plaintiff appears to concede that her daughter's speech impairment does not meet Listing 2.09 when she argues that, under SSR 98-1p, children with less serious limitations of speech may still have an extreme limitation that meets or equals the listing.

The court finds that plaintiff has failed to demonstrate that the ALJ should have found that LLAA had an extreme limitation in speech that medically or functionally equaled Listing 2.09. Speech limitations are within the domain of acquiring and using information. The ALJ noted the requirements and examples included in 20 C.F.R. § 416.926a(g)(2) and (3) for this domain and concluded that LLAA has less than marked limitation in the overall domain of acquiring and using information. (Tr. at 14-15.) The ALJ cited the assessment report and the IEP discussed above and specifically considered LLAA's limited verbalization, delays in both

receptive and expressive language skills, and delay in cognitive functioning. (Tr. at 15.) The ALJ also noted that the state agency physicians had found this domain not applicable to LLAA's condition but found it appropriate to reassess LLAA and to find less than marked limitation in the domain as a whole. (Id.) Substantial evidence in the record as a whole supports the ALJ's conclusion. Plaintiff has not established a prima facie case of disability under Listing 2.09. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (defining what is required to establish a prima facie case of disability); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (same).

II.  **Whether the ALJ Erred by Failing to Find Additional Marked or Marked-to-Extreme Limitations**

Under the regulations, a claimant's impairments will functionally equal the listings if the impairments result in marked limitations in at least two domains or an extreme limitation in one domain. Here, the ALJ found no extreme limitation and only one marked limitation – in LLAA's ability to interact and relate to others. (Tr. at 13-18.) The ALJ considered LLAA's delay in communicative functioning, significant delay in both receptive and expressive language skills, and use of physical gestures as a primary way of communicating instead of expressing herself verbally, and concluded that these communicative delays "can significantly interfere with her ability to interact and relate to both adults and her peers" and therefore found it appropriate to find a marked limitation in that domain. (Tr. at 16.)

Plaintiff argues that the ALJ should have found marked-to-extreme limitations in LLAA's ability to care for herself and her ability to acquire and use information, as well as a marked limitation in health and physical well being. In support of this argument, plaintiff cites the Early Start Program Assessment Report dated May 7, 2008 (tr. at 130-69); the school district's final IEP (tr. at 218-32); and the psychological consultation dated June 19, 2008, by the school psychologist (tr. at 233). The ALJ did, in fact, consider and rely on these records, referencing them as Exhibits 13E (tr. at 130-69), 9F (tr. at 218-32), and 10F (tr. at 233-36). (Tr. at 13-18.)

The court finds that the ALJ's findings regarding LLAA's limitations are supported by substantial evidence in the record as a whole and that the proper legal standards were applied. The evidence relied upon is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Plaintiff's arguments do not consider the record as a whole, and plaintiff's "simple mathematical calculations" exaggerate the claimant's limitations and lack support in the record.

## CONCLUSION

The court has determined that plaintiff is not entitled to summary judgment on either of her claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 18) is denied;

2. Defendant's cross-motion for summary judgment (Doc. No. 20) is granted; and

3. The decision of the Commissioner is affirmed.

DATED: September 21, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/allen1642.order